**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| SARA ASHLEY ISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 1:26-cv-76-SRW |
| | ) | |
| CITY OF DEXTER, MISSOURI, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Sara Ashley Ison brings this action under 42 U.S.C. § 1983, alleging violations of her civil rights. The matter is now before the Court upon Plaintiff's application to proceed without prepayment of the required filing fees and costs (ECF No. 2), motion to file second amended complaint (ECF No. 4), and motion to preserve evidence (ECF No. 6). Having reviewed the application and the financial information submitted in support, the Court will grant the application to proceed without prepayment of the required filing fees and costs and waive the filing fee. The motion to file second amended complaint will be granted and the motion to preserve evidence will be denied. Additionally, for the following reasons, the Court will stay and administratively close this action pursuant to *Wallace v. Kato*, 512 U.S. 549 U.S. 384 (2007). The case may be reopened after final disposition of Plaintiff's underlying state criminal proceedings in *State v. Ison*, No. 26SD-CR00273 (25th Jud. Cir., Stoddard County).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490

U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background**

On April 15, 2026, Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 against the City of Dexter, Missouri and police officer Andrew Johnson. ECF No. 1. Plaintiff alleged that on November 8, 2025, she was pulled over by Johnson. *Id*. at 3. She contended there was no reasonable suspicion or probable cause for this stop. *Id*. She complained that Johnson failed to "comply with required safety and custodial procedures during transport and related handling." *Id*. She further stated that the current criminal case arising from this stop is unconstitutional. *Id*. Finally she sought municipal liability against the City of Dexter by claiming that the City failed to train officers on lawful traffic stop procedures. *Id*. at 4.

On April 17, 2026, Plaintiff filed a motion to file a second amended complaint.[1] ECF No. 4. Plaintiff reasserts all her prior claims and adds one additional claim. Plaintiff alleges retaliation, stating that the Defendants "escalated proceedings" and "altered or expanded charging theories" and other complaints related to her state criminal case. ECF No. 4-1 at 6-7.

On April 14, 2026, Plaintiff was charged with DWI and failure to signal for the events that occurred on November 8, 2025. *State v. Ison*, No. 26SD-CR00273 (25th Jud. Cir., Stoddard County). Plaintiff has pled not guilty. *Id*.

**Discussion**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Department of Social Services*, 436 U.S. 658, 685 (1978). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and

[1] Plaintiff has not filed an amended complaint before, so this is simply an amended complaint rather than a second amended complaint. Plaintiff filed a timely request and included her amended complaint with her motion, so the motion will be granted.

(2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff filed this action, alleging constitutional violations arising out of her arrest for DWI and failing to signal. She also complains about the criminal prosecution that resulted from the arrest. The Court will stay and administratively close this § 1983 action while the underlying criminal prosecution is pending. Plaintiff may reopen this case after the final disposition of her underlying criminal case, *State v. Ison*, No. 26SD-CR00273 (25th Jud. Cir., Stoddard County).

In *Wallace v. Kato*, the Supreme Court observed that it was common practice in § 1983 actions to stay the civil proceedings until the criminal case had ended. 549 U.S. 384, 393-94 (2007). The Court explained that where a plaintiff files a claim before she is convicted, and that claim is related to rulings that will likely be made in a pending or anticipated criminal trial, "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id*. Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* at 393 (internal citation omitted).

Plaintiff's underlying criminal case is pending before the Stoddard County Circuit Court. Plaintiff's § 1983 action is based on the same set of facts and circumstances that led to her charges in the above-named state criminal case and relate to rulings that will likely be made in those pending proceedings. As such, the principles of *Wallace v. Kato* dictate that further consideration of Plaintiff's § 1983 claims should be stayed until the underlying criminal matter against Plaintiff has been resolved through criminal proceedings

Additionally, a stay or abstention until resolution of the criminal matter would be appropriate because a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of her conviction, continued imprisonment, or sentence, unless the conviction or sentence is reversed, expunged or called into question by issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995).

**Motion to Preserve Evidence**

Plaintiff has filed a motion to preserve evidence. ECF No. 6. Like in her complaint and amended complaint, Plaintiff takes issue with the handling of the evidence that arose during the arrest. While she asks this Court to preserve evidence, including body camera footage of the arrest, this is a matter best addressed by the state criminal court. Plaintiff offers no explanation why the state court could not handle such a request. The Court will deny this motion.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to file second amended complaint (ECF No. 4) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to preserve evidence (ECF No. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that all proceedings in this case are **STAYED** pending final disposition of the criminal charges pending against Plaintiff in *State v. Ison*, No. 26SD-CR00273 (25th Jud. Cir., Stoddard County).

**IT IS FURTHER ORDERED** that Plaintiff shall notify this Court in writing concerning the final disposition of the criminal charges pending against her in *State v. Ison*, No. 26SD-

CR00273 (25th Jud. Cir., Stoddard County)., within thirty (30) days after final disposition of the charges is made.

**IT IS FURTHER ORDERED** that this case is administratively closed pending final disposition of the criminal charges against Plaintiff and may be reopened by Plaintiff's filing of a motion to reopen the case after such final disposition.

Dated this 17th day of August, 2026.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE